IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IVAN MAZUR, | ) Civil Action |
| Plaintiff, | ) No. 2:23-cv-567 |
| v. | ) |
| NICK C. KRAVITCH *d/b/a* KRAVITCH MACHINE COMPANY, | ) *Electronically Filed* |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Ivan Mazur ("Plaintiff"), through his undersigned counsel, hereby alleges the following for his Complaint against Defendant, Nick C. Kravitch *d/b/a* Kravitch Machine Company ("Defendant"):

## PARTIES

1. Plaintiff is an individual having an address of 32 Adamic Crescent, Leduc, Alberta T9E 5H9, Canada.

2. Upon information and belief, Defendant is an individual residing in Pennsylvania and operating a business under the name Kravitch Machine Company having a business address of 4148 State Route 151, Aliquippa, Pennsylvania 15001.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant because Defendant resides in Pennsylvania, and Defendant's principal place of business is located in the state of Pennsylvania

in this District and Defendant has committed, and continues to commit, acts of infringement in this district, as explained in further detail below.

6. Venue is proper under 28 U.S.C. § 1391 because Defendant resides in this District, has committed and continues to commit acts of infringement in this District, and is subject to personal jurisdiction in this District.

7. Venue is proper under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this judicial district and has committed and continues to commit acts of infringement in this judicial district.

## FACTS

8. On February 23, 2010, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 7,665,481 ("the '481 Patent").

9. Plaintiff is the owner of all right, title, and interest to the '481 Patent. A true and correct copy of the '481 Patent is attached hereto as Exhibit A, and is incorporated by reference as if fully reinstated herein.

10. Plaintiff, through his business entity, Mazco Products and Services Ltd., markets and sells products, including service tee tooling and other service tee tooling, which are covered by the '481 patent (the "Mazco Tooling"). Advertisements for the Mazco Tooling are attached hereto as Exhibit B.

11. Said products, marketed and sold by Mazco Products and Services Ltd., have been marked as "Patented."

12. Further, since at least August 2022, the products have been marked with the '481 Patent.

2

13. Defendant markets and sells individual products, kits, and systems, including but not limited to those identified as "Service Tee Tooling" and/or the "No-Blowing-Gas Tooling" (the "Kravitch Tooling").

14. Upon information and belief, the Kravitch Tooling infringes, either directly or indirectly, one or more claims of the '481 Patent.

15. Upon information and belief, Defendants had actual knowledge of the Mazco Tooling and associated literature, which identified the products as "patented" or "patent pending", at least as early as April 2008, when Plaintiff and Defendant met at a trade show in Ames, Iowa.

16. Further, Defendant has had knowledge of the '481 Patent since at least March 1, 2022. Plaintiff spoke with Defendant via telephone call in February of 2022, which was followed by an email exchange. In emails between the Parties, dated March 1 and March 4, 2022, Plaintiff identified the '481 Patent. Per Defendant's March 4, 2022 email, Defendant interpreted the communication as an accusation of infringement of one or more patents, including the '481 Patent. The Email Exchange is attached hereto as Exhibit C.

17. Additionally, Defendant was sent a cease and desist letter regarding the Kravitch Tooling's infringement of the '481 Patent on June 27, 2022. The cease and desist letter is attached hereto as Exhibit D.

18. In response to the cease and desist letter, Defendant's counsel communicated with the undersigned on or about July 26, 2022, during which Defendant's counsel indicated Defendant's willingness to provide further information demonstrating alleged differences between Defendant's products and the tooling claimed by the '481 Patent.

19. Defendant's counsel confirmed Defendant's willingness to provide additional information via email to the undersigned dated July 27, 2022. The email correspondence is attached hereto as Exhibit E.

20. The undersigned wrote Defendant's counsel on August 18, 2022, further requesting the information promised, as Defendant and his counsel had as of yet failed to provide the additional information. The correspondence is attached hereto as Exhibit F.

21. In response, Defendant's counsel stated that a substantive response should be expected "when I return from my licensed fishing expedition in Canada, unlike your unlicensed legal fishing expedition." The associated email correspondence is attached hereto as Exhibit G.

22. Finally, on September 22, 2022, Defendant's counsel provided a substantive response to the cease and desist letter. The response is attached hereto as Exhibit H.

23. Upon information and belief, Defendant has offered for sale and/or sold the Kravitch Tooling with actual knowledge of the '481 Patent with intent to infringe, such as through his website www.kravitchtools.com.

24. Upon information and belief, Defendant has had actual knowledge that the Kravitch Tooling infringes at least one claim of the '481 Patent since at least March 1, 2022.

25. Upon information and belief, the Kravitch Tooling comprises a pressurized fluid line servicing tool assembly, including a tool insertion adapter, a removal tool, and a plug setting tool, such as required by the claims of the '481 Patent. Defendant markets, offers to sell, and sells these products both individually and as kits, which meet these claim elements. Photographic samples of these products are attached hereto as Exhibit I.

26. Upon information and belief, Defendant provides information and training to clients and prospective clients on how to use the Kravitch Tooling kits and/or individual products in combination to complete assemblies and carry out methods which infringe the '481 Patent.

27. Upon information and belief, Defendant has constructed a training facility, which is utilized by Defendant to infringe the '481 patent by assembling and using the infringing Kravitch Tooling, and by hosting training sessions during which Defendant teaches customers the infringing assembly and use of the Kravitch Tooling. Photographs of the training facility, including various service tee connection types, from Defendant's Kravitch Updates 2019 Presentation at pages 10-12, are attached hereto as Exhibit J.

28. Upon information and belief, Defendant manufactures, markets for sale, sells, and provides information and training on the infringing Kravitch Tooling in the United States, where it is distributed to gas and utility providers and servicers, such as Liberty Utilities, among others, who utilize the Kravitch Tooling to service utility lines. The Kravitch Tooling is used in processes such as "abandonment, installation, and renewal" in service of pressurized fluid lines. *See* Kravitch's Service Tee Tooling pamphlet, attached hereto as Exhibit K.

## COUNT I
## DIRECT INFRINGEMENT OF THE '481 PATENT

29. Plaintiff incorporates by reference herein the averments set forth in Paragraphs 1-28 hereof as if set forth herein in their entirety.

30. Defendant is directly infringing, contributorily infringing and/or inducing infringement of the '481 Patent.

31. Defendant has and continues to directly infringe one or more of the claims of the '481 Patent, including at least claims 1, 9, and 10 under 35 U.S.C. § 271 by selling and offering to

sell the Kravitch Tooling, and by using the Kravitch Tooling at least while teaching and training others on how to use the Kravitch Tooling.

32. Specifically, Defendant has and continues to directly infringe one or more of the claims of the '481 Patent, including at least claims 1, 9, and 10, as shown in the claim chart attached hereto as Exhibit L.

33. The Kravitch Tooling is intended to be used in combination to service a pressurized fluid line in processes such as service tee abandonment, installation, and renewal, and comprises a tool insertion adaptor (bordered in green), a removal tool (bordered in red), and a plug setting tool (bordered in yellow), as shown in the image below.



34. The tool insertion adaptor comprises a fluid tight housing having a first and second end, with an elongated interior defining a tool insertion chamber (bordered in green), and divided into an upstream and downstream portion (bordered in yellow), as shown in the below images.

6

  

35. The first end of the tool insertion adaptor also comprises a tool to housing coupling for coupling to tools (bordered in yellow), and the second end comprising a fluid line to housing coupling for coupling to a pipe of a fluid line (bordered in green), as shown in the below images.

 

36. The Kravitch Tooling includes a removal tool, which comprises a removal tool housing (bordered in green) having removal tool to adaptor coupling (bordered in yellow), whereby the removal tool is connected to the tool insertion adaptor via threaded engagement, as shown in the below image.



37. The removal tool further comprises a shaft (bordered in yellow) extending through and both axially and rotationally moveable relative to a sealed opening in the removal tool housing, as shown in the below image. The green arrow is demonstrative of axial movement and the red arrow is demonstrative of rotational movement.



38. The removal tool includes a removal wrench secured to an end of the shaft (bordered in yellow), as shown in the image below.



39. The removal tool also includes a handle, or its equivalent such as a wrench or a socket and ratchet, securable to the first end of the shaft of the removal tool.

40. The handle or handle equivalent of the Kravitch Tooling provides a means for imparting axial and rotational movement to the shaft, such that the shaft is moved axially to position the removal wrench into the upstream portion of the tool insertion chamber when the valve is closed, the valve is then opened and the shaft is moved axially to move the removal wrench into the downstream portion of the tool insertion chamber, the shaft is then rotated to remove a cap or cap equivalent such as a plug or perforator from the pipe, and then the shaft is moved axially to move the removal wrench and the cap into the upstream portion of the tool insertion chamber so that the valve can be closed to prevent the escape of pressurized fluids from the fluid line.

41. The Kravitch Tooling includes a plug setting tool, which comprises a setting tool housing (bordered in green) having a setting tool to adaptor coupling (bordered in yellow), whereby the setting tool is coupled to the tool insertion adaptor, as shown in the below image.



42. The plug setting tool further comprises an outer shaft (bordered in yellow), extending through and being axially and rotationally movable relative to a sealed opening in the setting tool housing, as shown in the image below. The green arrow is demonstrative of axial movement.

Case 2:23-cv-00567-JFC   Document 1   Filed 04/04/23   Page 10 of 14



43. The plug setting tool further comprises an inner shaft connected to the handle, not visible in the photo below, which extends through the outer shaft, the inner shaft being rotatable relative to the outer shaft. The green arrow is demonstrative of rotational movement.



44. The plug setting tool further includes a handle secured to the first end (bordered in green) and, in use, a detachable torque settable plug is secured to the second end of the inner shaft (bordered in yellow), for setting said settable plug, as shown in the photo below.



45. In use, the handle shown above in green imparts axial movement to both the inner shaft and the outer shaft, such that the outer shaft and inner shaft are moved axially to position the torque settable plug into the upstream portion of the tool insertion chamber when the valve is closed, the valve is then opened and the inner shaft and outer shaft are moved axially to move the

10

torque settable plug through the downstream portion of the tool insertion chamber and into the pipe of the pressurized fluid line, the inner shaft is then rotated until the torque settable plug is set within the pipe of the pressurized fluid line, and the inner shaft is detached from the torque settable plug.

46. The Kravitch Tooling also infringes at least claims 9 and 10 of the '481 Patent. The Kravitch Tooling includes elements whereby "the removal wrench is magnetic to assist in retention of the cap," and "the removal wrench is detachable, thereby allowing different configurations of removal wrenches," which infringes claims 9 and 10 respectively.

47. Defendant's sale and offers for sale of and training classes on the Kravitch Tooling for use in pressurized fluid line servicing such as service tee abandonment, installation and renewal applications directly infringes at least claims 1, 9 and 10 of the '481 Patent.

48. Additional details of Defendant's infringement are shown in the claim chart attached hereto as Exhibit L.

49. Defendant will continue to infringe the '481 Patent unless enjoined by this Court.

50. Upon information and belief, Defendant had actual knowledge that the Kravitch Tooling infringes one or more of the claims of the '481 Patent.

51. Defendant's activities in infringing the '481 Patent are willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

52. Plaintiff has been irreparably damaged and will continue to be irreparably damaged by reason of Defendant's infringement of the '481 Patent unless this Court restrains the infringing acts of Defendant.

53. Plaintiff is without an adequate remedy at law.

## COUNT II
## <u>INDUCED INFRINGEMENT OF THE '481 PATENT</u>

54. Plaintiff incorporates by reference herein the averments set forth in Paragraphs 1-43 hereof as if set forth herein in their entirety.

55. Defendant is inducing infringement of the '481 Patent.

56. Defendant has and continues to indirectly infringe one or more of the claims of the '481 Patent, including at least claims 1, 9, 10 and 15 by inducing infringement under 35 U.S.C. § 271 by selling and offering to sell the Kravitch Tooling to customers, in parts and in kits, and by instructing customers on how to build an assembly, and how to carry out a method, which infringes the '481 Patent.

57. Defendant has and continues to sell and offer for sale the infringing Kravitch Tooling described in detail above, and has and continues to provide information and training to clients and prospective clients on how to use the Kravitch Tooling kits and/or individual products in combination to complete assemblies and carry out methods which infringe the '481 Patent.

58. Specifically, Defendant offers for sale and sells the Kravitch Tooling in individual parts and in kits, which by their nature of intended use, are assembled by Kravitch's customers into different modes and assemblies of tooling which infringe at least claims 1, 9 and 10 of the '481 Patent.

59. Further, Defendant offers for sale and sells the Kravitch Tooling to its customers, and teaches them how to assemble and use different modes of the tooling to carry out the method of servicing a pressurized fluid line as claimed in claim 15 of the '481 Patent.  Defendant's customers, such as utility companies, carry out the method of independent claim 15 in the field on pressurized fluid lines.

60. Defendant's sale and offers for sale of the Kravitch Tooling, and provision of information and training regarding their method of use in pressurized fluid line servicing such as service tee abandonment, installation and renewal applications indirectly infringes, by inducing the infringement of at least claims 1, 9, 10 and 15 of the '481 Patent.

61. Defendant will continue to infringe the '481 Patent unless enjoined by this Court.

62. Upon information and belief, Defendant had actual knowledge that the Kravitch Tooling infringes one or more of the claims of the '481 Patent.

63. Defendant's activities in infringing the '481 Patent are willful and wanton, constituting willful infringement of such United States Patent under 35 U.S.C. § 285.

64. Plaintiff has been irreparably damaged and will continue to be irreparably damaged by reason of Defendant's infringement of the '481 Patent unless this Court restrains the infringing acts of Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. that Defendant, its officers, employees, agents, and those persons in active participation with it be permanently enjoined from infringing the claims of United States Patent No. 7,665,481;

B. that Defendant be adjudged to infringe the claims of United States Patent No. 7,665,481, and that such infringement was willful;

C. that Defendants be ordered to pay damages to Plaintiff pursuant to 35 U.S.C. § 284, adequate to compensate for the infringement, but in no event less than a reasonable royalty, including interest from the dates of infringement of the claims of United States Patent No. 7,665,481;

D. that Defendant be ordered to pay to Plaintiff treble damages pursuant to 35 U.S.C. § 284, resulting from Defendant's willful infringement of United States Patent No. 7,665,481;

E. that Plaintiff be awarded its costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285; and

F. that Plaintiff be awarded such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: April 4, 2023

s/ *Anthony W. Brooks*
Anthony W. Brooks (PA ID No. 307446)

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
abrooks@webblaw.com

*Attorney for Plaintiff*